JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Veteran Relocation Project, LLC and James Marchese

## DEFENDANTS
Borough of Bradley Beach, Michael Affuso, and Kenneth Triano

**(b)** County of Residence of First Listed Plaintiff: Monmouth
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Monmouth
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Peter C. Lucas, LLC - 732-663-9100
725 Carol Ave, PO Box 490 Oakhurst, NJ 07755

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 862 Black Lung (923) | |
| | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [x] 443 Housing/ Accommodations / [ ] 530 General | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| | | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | | | |
| | / [ ] 550 Civil Rights | | | |
| | / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District (specify)
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 3601 et seq., Title VIII of the Civil Rights Act

Brief description of cause:
Housing Discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 3/31/2022

SIGNATURE OF ATTORNEY OF RECORD: /s/ Nicole M. Crismale, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Peter C. Lucas, Esq. (025621991)
Nicole M. Crismale, Esq. (113262015)
LAW OFFICES OF PETER C. LUCAS, LLC
725 Carol Avenue
P.O. Box 490
Oakhurst, New Jersey 07755
Tel: (732) 663-9100
Fax: (732) 663-0029
Attorneys for Plaintiffs, Veteran Relocation Project and James Marchese

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VETERAN RELOCATION PROJECT, LLC, and JAMES MARCHESE,<br><br>     Plaintiffs,<br><br>vs.<br><br>BOROUGH OF BRADLEY BEACH; MICHAEL AFFUSO, Individually; KENNETH TRIANO, Individually; JOHN DOES 1-10 (Fictitious names representing individuals who have either been misidentified and/or omitted and whose conduct contributed to or caused the damages sustained herein by Plaintiffs.)<br><br>     Defendants. | Civil Case No.:<br><br><br><br>**COMPLAINT & JURY DEMAND** |

  Plaintiffs Veteran Relocation Project, LLC (hereinafter referred to as "VRP") and James Marchese (hereinafter referred to as "Mr. Marchese"), (hereinafter collectively referred to as "Plaintiffs") by way of Complaint, say:

  1. Plaintiffs bring this Complaint under Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. § 3601 et seq. ("The Fair Housing Act") and New Jersey state law, and seek damages for the injuries that Plaintiffs suffered as a result of Defendants' conduct.

## JURISDICTION AND VENUE

2. This Court has federal jurisdiction over Title VIII claims pursuant to 42 U.S.C. § 3601 et seq.

3. This Court has supplemental jurisdiction over the associated New Jersey state law causes of action brought forth herein pursuant to 28 U.S.C.§ 1367 et seq.

4. Venue is proper in this district pursuant to 28 U.S. Code § 1391(b) because the events or omissions which give rise to the claims asserted herein occurred in the District of New Jersey and Defendant, Borough of Bradley Beach, is a municipality organized under the Laws of the State of New Jersey, is located in New Jersey, and Individual Defendants are agents and/or employees of Defendant, Borough of Bradley Beach, and were doing business in New Jersey.

5. On or about August 12, 2021, Plaintiffs filed a Notice of Tort Claim pursuant to N.J.S.A. 59:8-4, et seq.

6. In response thereto, on or about December 30, 2021, Defendants denied Plaintiffs' claims. As such, Plaintiffs have the right to bring this action against these Defendants.

## PARTIES

7. Plaintiff, VETERAN RELOCATION PROJECT, LLC, is a limited liability company duly existing by the virtue and laws of the State of New Jersey, with its principal place of business located at 1161 Broad Street, Shrewsbury, New Jersey 07702. VRP is a "redeveloper" which purchases and rehabilitates properties in need of renovation or development for veterans, first-time home buyers and/or people of diversity in Monmouth County, New Jersey. VRP specially rehabilitates properties and/or lots in areas of underserved areas of need.

8. Plaintiff, JAMES MARCHESE, is an individual who owns and operates VRP and resides at 8 Cypress Way, Colts Neck, New Jersey 07722.

9. At all times material, Defendant, BOROUGH OF BRADLEY BEACH, is a municipality organized under the Laws of the State of New Jersey, with its municipal building located at 701 Main Street, Borough of Bradley Beach, County of Monmouth, State of New Jersey.

10. Defendant, Michael Affuso, is a member of the Bradley Beach Zoning Board of Adjustment and doing business at 701 Main Street, Borough of Bradley Beach, County of Monmouth, State of New Jersey.

11. Defendant, Kenneth Triano, is a construction official/building subcode official of the Borough of Bradley Beach and doing business at 701 Main Street, Borough of Bradley Beach, County of Monmouth, State of New Jersey.

12. At all times relevant hereto, Defendants, John Does 1-10, were agents and/or employees of the Borough of Bradley Beach and as such were acting within the course and scope of their employment and agency and with knowledge and consent and at the direction of municipal officials.

13. At the times of the discriminatory and other wrongful conduct complained of herein, Individual Defendants acted individually and in their respective capacities as agents and/or employees of the Borough of Bradley Beach.

**STATEMENT OF FACTS**

14. In November 2018, VRP entered into a real estate sales contract to acquire real property located at 501 Park Place Avenue, Bradley Beach, New Jersey, 07720 (hereinafter referred to as "the Subject Property"). Subsequently, in May 2019, VRP closed on and became the owner of the Subject Property. Shortly thereafter, VRP was granted a demolition permit for the Subject Property.

15. Specifically, on November 15, 2019, a zoning permit was approved for VRP and its General Contractor, Mark French, to redevelop the Subject Property, with a description of the work to include:

## Zoning Permit

Worksite Location: 501 PARK PLACE AVE, Borough of Bradley Beach, NJ 07720
Contractor: VETERANS RELOCATION PROJECT, LLC
1161 SHREWSBURY AVENUE
SHREWSBURY NJ 07702

Owner: VETERAN RELOCATION PROJECT, LLC
Address: 1161 SHREWSBURY AVENUE
SHREWSBURY, NJ 07702

Applicant: VETERANS RELOCATION PROJECT, LLC
Address: 1161 SHREWSBURY AVENUE
SHREWSBURY, NJ 07702

Block: 21    Lot: 10    Qualifier:    Zone: R-1

This Certifies that an application for the issuance of a Zoning Permit has been examined.

Present Use: Single-Family Dwellings

☐ Non Conforming Use    ☑ Non Conforming Structure
Proposed Use: Single-Family Dwellings

Work Description:
Addition, Rehabilitation, Deck/Porch - "- Remove & replace portion of existing house for new 2 car garage & second floor edition
- Remove entire interior of house including basement
- Replace existing front porch
- Add 2 car driveway"

Application Approved Date: 11/18/2019

Upon review it was determined that the Zoning Permit:

☑ Permitted by Ordinance  450
☐ Permitted by Variance approved on:
☐ Approved with Conditions
☑ Valid Nonconforming Use/Structure is established by

16. Shortly after obtaining a demolition permit for the Subject Property, on or about August 27, 2019, Mr. Marchese emailed the Mayor of the Borough of Bradley Beach, Gary Engelstad, advising that he was being harassed by the Borough of Bradley Beach Zoning Board and further requested assistance from the Mayor to cease this harassment. Specifically, Mr. Marchese advised that members of the Borough of Bradley Beach Zoning Board were making comments about his race and falsely saying that he was a criminal. Mr. Marchese received no acknowledgement to this email.

17. To advance this construction project, on or about September 29, 2019, VRP's architect, Dan Fortunato, produced building plans, which were approved by the Borough of Bradley Beach. Subsequently, at the request of Zoning Officer George Waterman, Mr. Fortunato

revised the building plans that had previously been approved. On or about January 9, 2020, VRP was issued a permit by the Borough of Bradley Beach to commence construction on the Subject Property.

18. On January 28, 2020, VRP and Anu Garrison, the purchaser of the Subject Property, completed attorney review for the sale of said Property. Later, the Borough of Bradley Beach Police Department was called on Ms. Garrison, who is of Indian descent, when as she was walking around the Subject Property. In addition to this incident, the police were called when VRP's employees were performing construction work on the Subject Property on three (3) separate occasions. The Borough of Bradley Beach also personally fined Mr. Marchese for not boarding up the Subject Property, despite the fact that VRP was issued a demolition permit permitting the condition of the Subject Property.

19. On or about February 21, 2020, Plaintiffs were once again advised by VRP General Contractor, Mark French, that as per another individual within the Code Enforcement Office, the Borough of Bradley Beach was targeting Plaintiffs and such directives were coming from up high.

20. On or about July 6, 2020, Construction Official, Steve Losacco, inspected and passed the footing for the porch and the left side of the Subject Property, which contained a deck. On or about October 28, 2020, Mr. Losacco inspected and passed the framing of the Subject Property. On or about November 6, 2020, VRP's counsel, Richard Fornaro, Esq., submitted a variance plan to the Borough of Bradley Beach.

21. On or about December 17, 2020 the Engineer for the Borough of Bradley Beach deemed Plaintiffs' application as incomplete and required an additional submission. Accordingly, on or about January 4, 2021 Mr. Fortunato submitted his fifth (5th) permit application to satisfy this request.

22. On or about January 11, 2021, Mr. Losacco inspected the porch that was constructed on the Subject Property and failed same. Mr. Losacco made recommendations to Mr. Fortunato as to the porch, so same would be able to pass the final inspection.

23. Upon information and belief, at the direction of Borough of Bradley Beach officials, the Borough of Bradley Beach Construction Office and Zoning Board, discriminated, harassed and created unnecessary cost and delay of VRP's completion and sale of the Subject Property to Ms. Garrison, who is a minority resident of Indian descent. Specifically, VRP was caused to submit again for a variance application. In or about March 2021, Mr. Fornaro submitted a variance application for the sixth (6th) time, in order for the porch on the Subject Property to be approved even though VRP had obtained the required "zoning permit approval for the garage and porch" on November 15, 2019 along with all other relevant improvements.

24. On or about April 7, 2021, Defendant, Kenneth Triano, Construction Official/Building Subcode Official, and/or those individuals acting at his direction, issued a Stop Work Order for the construction of the porch on the Subject Property. In doing so, Mr. Triano and/or those individuals acting at his direction, disregarded the stamped and filed plans for the Subject Property, which included the porch and the driveway, which were the subject of the Stop Work Order. On that same day, Mr. Triano along with another unnamed individual came to the Subject Property and Mr. Triano began to harass, scream and curse at VRP's employees who were performing construction work at the Subject Property. All of the workers who were victims of Mr. Triano's harassment are of Latin American descent. Mr. Triano ordered all of VRP's employees to stop working on the entire home, not just the porch, which left the Subject Property in a dangerous condition.

25. Shortly after the Stop Work Order was issued, Mr. Marchese made seven (7) phone calls to Mr. Triano, which were never answered or to responded to. Mr. Marchese also called Mr. Triano's secretary in an attempt to set up meetings with Mr. Triano, which were refused. The homeowner, Ms. Garrison also reached out to the Borough of Bradley Beach Construction Office repeatedly to ask for assistance to resolve this issue; her requests were also refused by the Borough of Bradley Beach. A single email was sent to Plaintiffs advising that the stop work order should only be applicable to the porch, despite the fact that Mr. Triano halted all construction work at the Subject Property for over one (1) week.

26. At this time, Mr. Triano also refused to let Ms. Garrison store boxes in the garage without any legitimate justification.

27. On or about April 21, 2021, the Zoning Office of the Borough of Bradley Beach approved the application for a twenty (20) foot driveway to be installed on the Subject Property. At this time, the Zoning Office of the Borough of Bradley Beach also accepted and cashed the bond payment associated with the approval of the twenty (20) foot driveway installation. This payment was to be refunded upon a passed inspection.

28. Even though VRP had obtained all of the necessary and requisite permits on November 15, 2019, VRP continued to run into issues with their applications and permits related to their construction project at the Subject Property. In their efforts to resolve these issues, Plaintiffs petitioned the Borough of Bradly Beach to attend a Zoning Board meeting, to discuss and resolve all outstanding issues related to the construction project. The Borough of Bradley Beach Administrator advised Plaintiffs that there were no Zoning Board meetings scheduled until July 2021 and recommended that Plaintiffs seek a "special Zoning Board meeting", which

Plaintiffs did. This required Plaintiffs to pay $3,000.00 in addition to paying their attorney and planner to appear at this "special meeting".

29. On or about May 7, 2021, the Engineer for the Borough of Bradley Beach wrote to Plaintiffs, stating that there are six (6) variances that needed to be applied to Plaintiffs' permits. This is in direct contradiction to the approved plans and permits that were issued in January 2020. The Engineer for the Borough of Bradley Beach ignored the original permits filed by Plaintiffs, which were stamped "approved" by the Zoning Board of the Borough of Bradley Beach and miscalculated the home coverage of the Subject Property.

30. On or about May 18, 2021, in an effort to vacate the Stop Work Order, Mr. Marchese reluctantly agreed to attend the "special meeting" with the Zoning Board of the Borough of Bradley Beach at the Borough's request. During this meeting, Zoning Board members hurled abuse towards Plaintiffs. By way of example, Defendant Michael Affuso, in his capacity as a Member of the Zoning Board of the Borough of Bradley Beach made comments regarding "people" coming to the Borough of Bradley Beach and building/constructing properties there. In fact, Plaintiffs' planner, Mr. Allen Schectel told Mr. Marchese that in his thirty (30) years as a planner, he had never witnessed anything like the "special meeting" that took place on May 18, 2021, in regard to the abuse that Plaintiffs were subjected to. Ultimately, Plaintiffs' variance requests were denied during this meeting.

31. On or about May 20, 2021, Ms. Garrison confirmed that the original application and permits that were submitted to the Borough of Bradley Beach included plans for five (5) of the seven (7) required items listed as variances. These original applications and permits were approved by the Zoning Board of the Borough of Bradley Beach.

32. Moreover, Mr. Marchese was advised by Zoning Official, Michael Mulcahery, that no variances have been denied in the seven (7) month period that he had been in the position as a Zoning Official for the Borough of Bradley Beach. Mr. Mulcahery went on to state that a house located four (4) doors down from the Subject Property just received the same variance approval for a porch that Plaintiffs were denied.

33. Shortly after this, the Borough of Bradley Beach advised Plaintiffs that they "lost" the original application and permits which included construction to the porch of the Subject Property, as well as the application for the driveway. As mentioned above, the Borough of Bradley Beach had already accepted and cashed the bond payment that Plaintiffs were required to provide in regard to the driveway application, so it was very concerning to Plaintiffs when they were advised that the driveway application had been "lost".

34. Plaintiff, Mr. Marchese, asserts that he, his company, VRP, as well as his contract purchaser, Ms. Garrison, were discriminated against based on race and ethnicity, and further asserts that Defendants discriminated against Plaintiffs throughout their construction project regarding the Subject Property due, inter alia, to the fact that Ms. Garrison, the owner of the Subject Property, was of Indian descent. Plaintiffs assert that Defendants did not want "brown people" moving to the Borough and therefore, made the construction process relating to the Subject Property so difficult and expensive that Ms. Garrison would no longer want to live there. As a result of Defendants' conduct, including the issuance of the above-mentioned stop work order, this delayed the closing of the Subject Property from April 10, 2021 to June 18, 2021, resulting in a significant loss of profit due to lost work delays, increased cost of building materials as well as embarrassment, loss of reputation, and emotional distress.

## COUNT ONE
## DISCRIMINATION UNDER TITLE VIII

34. Plaintiffs repeat and reassert each and every allegation made in the preceding paragraphs of this Complaint as if fully set forth.

35. Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. § 3601 et seq. states in pertinent part as follows:

> As made applicable by section 803 of this title and except as exempted by sections 803(b) and 807 of this title, it shall be unlawful –
>
> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
>
> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. § 3604.

36. Defendants' conduct was discriminatory against Plaintiffs as Defendants discriminated against Plaintiffs in the terms, conditions, or privileges of sale of a dwelling to Plaintiffs based on race, color, and national origin in violation of 42 U.S.C. § 3604(b).

37. This claim is made pursuant to Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. § 3601 et seq., for relief due to the unlawful discriminatory practices of the above-named Defendants. Defendants' violation of Title VIII's prohibition of discrimination related to housing was based, in whole or in part, upon race, color or national origin.

38. Defendants' conduct was negligent, malicious, intentional, wanton and willful, and caused Plaintiffs significant harm.

## COUNT TWO
## DISCRIMINATION UNDER NEW JERSEY STATE LAW

39. Plaintiffs repeat and reassert each and every allegation made in the preceding paragraphs of this Complaint as if fully set forth.

40. The New Jersey Law Against Discrimination, N.J.S.A. 10:5-4, provides, in pertinent part:

> All persons shall have the opportunity to …obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation, publicly assisted housing accommodation, and other real property without discrimination because of race, creed, color, national origin, ancestry, age, marital status, affectional or sexual orientation, familial status, disability, nationality, sex, gender identity or expression or source of lawful income used for rental or mortgage payments, subject only to conditions and limitations applicable alike to all persons. This opportunity is recognized as and declared to be a civil right.

41. Defendants' discriminatory practices as set forth above are not based on reasonable factors other than race, color, or national origin discrimination within the meaning of New Jersey's Law Against Discrimination, N.J.S.A. 10:5-4 et seq.

42. Defendants' conduct was negligent, malicious, intentional, wanton and willful, and caused Plaintiffs significant harm.

43. Defendants, through their agents, servants and employees, followed a practice of discrimination against Plaintiffs based upon race, color, or national origin, which includes but is not limited to, conduct which had the purpose and effect of unreasonably interfering with Plaintiffs' right to housing.

44. Plaintiffs complain of Defendants' violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4 et seq., related to housing-based discrimination, in whole or in part, upon Plaintiffs' race, color or national origin.

## COUNT THREE
## TORTIOUS INTERFERENCE WITH CONTRACT

45. Plaintiffs repeat and reassert each and every allegation made in the preceding paragraphs of this Complaint as if fully set forth.

46. Plaintiff, VRP, had a real estate sales contract with Ms. Garrison for the Subject Property.

47. At all times relevant hereto, Defendants were aware of the contract between VRP and Ms. Garrison.

48. Defendants knowingly and intentionally, with recklessness or malice, engaged in a course of conduct designed to prevent Plaintiff from realizing the fruits of that contract.

49. Defendants knew or should have known that its conduct would cause the contract to be breached or otherwise frustrate the completion of the construction and/or sale of the Subject Property.

50. Defendants' actions are without justification or excuse.

51. As a direct and proximate result of Defendants' conduct, Plaintiffs have sustained and will continue to sustain substantial damages in an amount to be proven at trial.

## COUNT FOUR
## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

52. Plaintiffs repeat and reassert each and every allegation made in the preceding paragraphs of this Complaint as if fully set forth.

53. Defendants knowingly and intentionally interfered with Plaintiffs' business relationship with Ms. Garrison.

54. Defendants knowingly and intentionally interfered with Plaintiffs' efforts to construct the Subject Property for Ms. Garrison.

55. Defendants' actions are without justification or excuse.

56. Plaintiffs lost business and expected income as a result of Defendants' conduct.

57. As a direct and proximate result of Defendants' actions, Plaintiffs have sustained, and continue to sustain, substantial damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs demand judgment awarding compensatory damages, punitive damages, interest, attorneys' fees, costs of this suit, and any and other relief that this Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues of fact and damages in this action.

## LOCAL RULE 11.2 CERTIFICATION

In accordance with Local Rule 11.2, I, Nicole M. Crismale, Esq., attorney for Plaintiffs in the above-referenced action, hereby certify that to the best of my knowledge and belief, the matter in controversy is not the subject of any other action pending in any court or in any arbitration or administrative proceeding.

LAW OFFICES OF PETER C. LUCAS, LLC
Attorneys for Plaintiffs

BY: /s/ *Nicole M. Crismale, Esq.*
NICOLE M. CRISMALE, ESQ.

Dated: 3/31/22

13