# CLEARY | GIACOBBE | ALFIERI | JACOBS LLC

ANTHONY PROVENZANO, Associate
aprovenzano@cgajlaw.com

**Reply to: Matawan Office**

July 25, 2022

**VIA E-FILE**
The Honorable Rukhsanah L. Singh, U.S.M.J.
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 E. State Street
Trenton, New Jersey 08608

>   Re:   **Veteran Relocation Project, LLC, et al v. Borough of Bradley Beach, et al**.
>         **Civil Action No.: 3:22-cv-01817-MAS-RLS**

Dear Judge Singh:

This firm represents the defendants, Borough of Bradley Beach (the "Borough"), Michael Affuso ("Affuso"), and Kenneth Triano ("Triano") (hereinafter "Individual Defendants") (collectively "Defendants") in the above-referenced matter.

In that regard, please accept this correspondence in lieu of a more formal submission as Defendants' reply brief in support of their motion to dismiss the plaintiffs, Veteran Relocation Project, LLC ("VRP"), and James Marchese ("Marchese") (collectively "Plaintiffs") First Amended Complaint (the "Complaint"), presently returnable before Your Honor on August 1, 2022 (the "Motion").

---

**Matawan Office:** 955 State Route 34, Suite 200, Matawan, NJ 07747 Tel 732 583-7474 Fax 732 290-0753
Oakland Office: 169 Ramapo Valley Road, UL 105, Oakland, NJ 07436 Tel 973 845-6700 Fax 201 644-7601
Somerville Office: 50 Division Street, Suite 501, Somerville, NJ 08876 Tel 732 583-7474 Fax 908 524-0096
Haddonfield Office: 255 Kings Highway East, Haddonfield, NJ 08033 Tel 732 583-7474 Fax 732 290-0753

www.cgajlaw.com

**PRELIMINARY STATEMENT**

At the time of filing, the undersigned inadvertently overlooked the tort claim notice and related correspondence attached to the Certification of Nicole M. Crismale, Esq. Accordingly, Defendants withdraw the portions of their Legal Argument discussing same.

For the foregoing reasons, the Court should nevertheless enter an order granting Defendants' Motion and remand any remaining counts to the Superior Court of New Jersey, Monmouth County, Law Division, for further proceedings pursuant to 28 U.S.C. § 1447(c).

**LEGAL ARGUMENT**

**POINT ONE**

**COUNT ONE OF PLAINTIFFS' COMPLAINT FOR DISCRIMINATION UNDER TITLE VII SHOULD BE DISMISSED BECAUSE THEY DO NOT HAVE STANDING**

To satisfy the Article III standing requirement, a party must meet a three-prong test. Eastampton Ctr., L.L.C. v. Twp. of Eastampton, 155 F. Supp. 2d 102, 112-113 (D.N.J. 2001). First, a plaintiff must demonstrate that it has suffered a concrete, particularized, actual or imminent injury in fact. Id. (citation omitted). Both economic injury and non-economic injury to a plaintiff is sufficient. Id. (citation omitted). The second prong is the traceability or causation requirement. Id. (citation omitted). A plaintiff must illustrate a causal

2

connection between the alleged injury and defendants' challenged conduct. Id. (citation omitted). Lastly, the third prong requires a plaintiff to show that the alleged injury will likely be redressed by a favorable decision. Id. (citation omitted). The redressability requirement ensures that legal questions presented to the court will be resolved in a concrete manner, and that they demonstrate a real need for a court to exercise its power. Id. (citation omitted).

Here, Plaintiffs do not have standing to bring a cause of action pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. § 3061 et seq., because they no longer own the subject property. See *Plaintiffs' First Amended Complaint & Jury Demand, ¶35; ECF No.3*. While it is true that "[t]he Supreme Court has specifically held that a plaintiff need not be a member of a protected class to bring suit under the Fair Housing Act, so long as the plaintiff suffered an actual injury due to defendant's alleged discriminatory conduct," Eastampton Ctr., L.L.C., 155 F. Supp. 2d at 114, here, Plaintiffs are not similarly situated to the plaintiffs who actually owned the property at issue in Eastampton Ctr., L.L.C. Indeed, Plaintiffs admit that they sold the subject property on June 18, 2021. See *Plaintiffs' First Amended Complaint & Jury Demand, ¶35; ECF No.3* ("As a result of Defendants' conduct, including the issuance of the above-mentioned stop work order, this delayed the closing of

3

the Subject Property from April 10, 2021 to June 18, 2021..."). Therefore, neither Plaintiffs nor Ms. Garrison have any particularized injury that would be redressed by a favorable court decision because they have already closed on the subject property.

Accordingly, the Court should dismiss Count One of Plaintiffs' Complaint because Plaintiffs do not have standing to bring a cause of action under the FHA.

**POINT TWO**

**COUNT TWO OF PLAINTIFFS' COMPLAINT FOR DISCRIMINATION UNDER THE NJLAD SHOULD BE DISMISSED PURSUANT TO ESTABLISHED CASE LAW AND CONTROLLING STATUTORY AUTHORITY**

Plaintiffs allege their claims under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, et seq., are not limited to N.J.S.A. 10:5-12.5 and include a cause of action pursuant to N.J.S.A. 10:5-13. See *Plaintiffs' Memorandum of Law in Support of their Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint, p. 12; ECF No. 13*. Even if Plaintiff's allegations do support a cause of action under N.J.S.A. 10:5-12.5, which they do not, Plaintiffs argument misses the key holding in Kessler Institute for Rehabilitation, Inc. v. Mayor and Council of Borough of Essex Fells, 876 F.Supp. 641 (D.N.J.1995). While Plaintiffs are correct that the NJLAD authorizes "any person claiming to be aggrieved by ... unlawful

4

discrimination" to file an action pursuant to N.J.S.A. 10:5-12.5 and N.J.S.A. 10:5-13, they miss the distinction between claims under the two enforcement provisions. The general enforcement provision, N.J.S.A. 10:5-13, contains permissive language ("may" initiate suit in Superior Court), while N.J.S.A. 10:5-12.5, governing discrimination in land use policy by a municipality, states that an action "shall" be brought in Superior Court.

In Kessler, the court concluded:

> [T]hat the New Jersey Superior Court has exclusive jurisdiction over Plaintiffs' NJLAD claims. Given the strong state interests involved in land use regulation ... it is entirely plausible that the New Jersey Legislature intended to avoid federal court interference in this area. As a result, this Court sees no reason not to accord § 10:12.5 its plain meaning. This federal district Court lacks jurisdiction over claims of discrimination in land use policy by a municipality arising under N.J.S.A. 10:5-12.5.

See also Mt Holly Citizens In Action, Inc. v. Twp. of Mount Holly, No. CIV.A. 08-2584NLHJS, 2009 WL 3584894, at *8 (D.N.J. Oct. 23, 2009); Hansen Found., Inc. v. City of Atl. City, 504 F. Supp. 3d 327, 342 (D.N.J. 2020) ("This Court has previously interpreted this provision to mean that New Jersey Superior Court has exclusive jurisdiction over claims of discrimination in land use policy by a municipality that arise under N.J.S.A. § 10:5-12.5, and therefore federal district courts lack subject matter jurisdiction."

Thus, it does not matter whether Plaintiffs have broadly asserted a cause of action pursuant to N.J.S.A. 10:5-13 because Plaintiffs admit that they have asserted a cause of action pursuant to N.J.S.A. § 10:5-12.5, and the law is clear that the New Jersey Superior Court has exclusive jurisdiction over claims of discrimination in land use policy by a municipality that arise under N.J.S.A. § 10:5-12.5.

Accordingly, the Court should enter an order remanding Plaintiffs' discrimination claims to New Jersey Superior Court for further proceedings pursuant to 28 U.S.C. § 1447(c).

**POINT TWO**

**COUNTS THREE AND FOUR OF PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED**

Counts Three and Four should be dismissed because the Individual Defendants were acting within the scope of their employment. Plaintiffs argue Defendants have merely provided conclusory statements that the Individual Defendants were acting within the scope of their employment and ask the Court how one is to determine if such assertion is true without discovery. To answer the question one need look no further than Plaintiffs' Complaint.

While Plaintiffs name the Individual Defendants in their individual capacities, they are identified within the Complaint in their official capacities. See *Plaintiffs' First Amended*

*Complaint & Jury Demand, ¶¶10-11; ECF No.3* ("Defendant, Michael Affuso, is a member of the Bradly Beach Zoning Board of Adjustment and doing business at 701 Main Street, Borough of Bradley Beach, County of Monmouth, State of New Jersey") ("Defendant, Kenneth Triano, is a construction official/building subcode official of the Borough of Bradley Beach and doing business at 701 Main Street, Borough of Bradley Beach, County of Monmouth, State of New Jersey").

The factual allegations plead within Plaintiffs' Complaint also support that the Individual Defendants were acting within the scope of their employment as members of the Borough. For example, Plaintiffs allege that "[o]n or about April 7, 2021, Defendant, Kenneth Triano, Construction Official/Building Subcode Official, and/or those individuals acting at his direction, issued a Stop Work Order for the construction of the porch on the Subject Property." See *Plaintiffs' First Amended Complaint & Jury Demand, ¶24; ECF No.3*. Certainly, Triano does not have the authority to take, or direct anyone from the Borough to take, such action in his individual capacity.

Moreover, Affuso is merely referenced three times within Plaintiffs' Complaint. The first reference is within the caption. See *Plaintiffs' First Amended Complaint & Jury Demand, p. 1; ECF No.*3. The second reference is within the "parties" section of Plaintiffs' complaint and merely identifies Affuso as

7

an employee of the Borough. See *Plaintiffs' First Amended Complaint & Jury Demand, ¶10-11; ECF No. 3*. Most importantly, in their last reference, Plaintiffs admit that Affuso was acting in his official capacity as a member of the Borough. See *Plaintiffs' First Amended Complaint & Jury Demand, ¶¶10-11; ECF No.3* ("Defendant Michael Affuso, in his capacity as a Member of the Zoning Board of the Borough of Bradley Beach made comments regarding "people" coming to the Borough of Bradley Beach and building/constructing properties there"). Put simply, there are no allegations contained within Plaintiffs' Complaint supporting that either of the Individual Defendants acted in their individual capacities.

Accordingly, the Court should dismiss Counts Three and Four of Plaintiffs' Complaint against the Individual Defendants because Plaintiffs have failed to plead facts demonstrating that they were not acting within the scope of their employment with the Borough.

**POINT FOUR**

**COUNT FIVE OF PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS HAVE FAILED TO PLEAD FACTS SUPPORTING A PRIMA FACIE CASE FOR DEFAMATION**

Plaintiffs argue Count Five should not be dismissed because they "pled the specific date where such [defamatory] statements were made, who made such statements, and the overall context of

8

such statements ..." See *Plaintiffs' Memorandum of Law in Support of their Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint, p. 14; ECF No. 13*. In that regard, Plaintiffs rely on certain alleged statements contained within their Complaint – namely, Paragraph Thirty, which states:

> On or about May 18, 2021, in an effort to vacate the Stop Work Order, Mr. Marchese reluctantly agreed to attend the "special meeting" with the Zoning Board of the Borough of Bradley Beach at the Borough's request. During this meeting, Zoning Board members hurled abuse towards Plaintiffs. despite Plaintiffs having the requisite permits. By way of example, Defendant Michael Affuso, in his capacity as a Member of the Zoning Board of the Borough of Bradley Beach made comments regarding "people" coming to the Borough of Bradley Beach and building/constructing properties there. In fact, Plaintiffs' planner, Mr. Allen Schectel told Mr, Marchese that in his thirty (30) years as a planner, he had never witnessed anything like the "special meeting" that took place on May | 8, 2021. in regard to the abuse that Plaintiffs were subjected to. Ultimately, Plaintiffs' variance requests were denied during this meeting. (Plaintiffs filed an appeal of the denial on or about May 27. 2021, which included the subject zoning permit, however, shortly thereafter, the Borough of Bradley Beach reversed course and vacated the Stop Work Order.)

See *Plaintiffs' First Amended Complaint & Jury Demand, ¶30; ECF No.3*.

Missing entirely from Plaintiffs' Complaint are facts establishing a prima facie claim of defamation. Under New Jersey defamation law, "the plaintiff bears the burden of establishing,

in addition to damages, that the defendant '(1) made a defamatory statement of fact (2) concerning the plaintiff (3) which was false, and (4) which was communicated to a person or persons other than the plaintiff.'" Internet Prod. LLC v. LLJ Enterprises, Inc., No. CV1815421RBKAMD, 2019 WL 5692010, at *4 (D.N.J. Nov. 4, 2019) (citations and quotations omitted).

Here, Plaintiff has failed to plead any defamatory statement that was allegedly made by anyone, including the Individual Defendants. The only alleged defamatory statement made was: "Defendant Michael Affuso ... made comments regarding "people" coming to the Borough of Bradley Beach and building/constructing properties there." See *Plaintiffs' First Amended Complaint & Jury Demand, ¶30; ECF No.3.*

Even if such a vague and ambiguous comment could be perceived as defamatory, there are no allegations contained within Plaintiffs' Complaint that such statement is false. Indeed, any statement that people are building/constructing properties in the Borough is a reality of any beach town in the State of New Jersey.

Accordingly, the Court should dismiss Count Five of Plaintiffs' Complaint because Plaintiffs have failed to plead facts that any defamatory and false statement was made.

     I thank Your Honor for your attention and courtesy.

Respectfully submitted,

*/s/ Anthony Provenzano*
ANTHONY PROVENZANO

c.   Micci J. Weiss, Esq. (via e-file)
     Nicole M. Crismale, Esq. (via e-file)