**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VETERAN RELOCATION PROJECT, LLC, *et al.*, | |
| Plaintiffs, | Civil Action No. 22-1817 (MAS) (RLS) |
| v. | **MEMORANDUM OPINION** |
| BOROUGH OF BRADLEY BEACH, *et al.*, | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on Defendants Borough of Bradley Beach, Michael Affuso, and Kenneth Triano's (collectively, "Defendants") Motion to Dismiss Plaintiffs Veteran Relocation Project, LLC ("VRP") and James Marchese's (collectively, "Plaintiffs") Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 10.) Plaintiffs opposed (ECF No. 13), and Defendants replied (ECF No. 14). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants in part and denies in part Defendants' Motion to Dismiss.

**I.     BACKGROUND**

In their Amended Complaint, Plaintiffs allege that Defendants discriminated against them, tortiously interfered with their contract and economic advantage, and defamed them. (*See* Am. Compl., ECF No. 3.) These allegations stem from a construction project that Plaintiffs endeavored to complete in the Borough of Bradley Beach. (*Id.* ¶¶ 14-17.) Plaintiffs purchased property with

the intent to sell the property ("Subject Property") to Anu Garrison. (*Id.* ¶¶ 14, 18.) Plaintiffs allege that throughout the construction process, Defendants consistently discriminated against them and their employees. (*See, e.g., id.* at ¶ 16 ("[M]embers of the Borough of Bradley Beach Zoning Board ('Zoning Board') were making comments about [Plaintiff Marchese's] race and falsely saying that he was a criminal."); *id.* at ¶ 18 ("[T]he police were called when VRP's employees were performing construction work on the Subject Property on three . . . separate occasions."); *id.* at ¶ 30 (alleging Defendants "hurled abuse" at Plaintiffs during a Zoning Board "special meeting").)

Plaintiffs also allege that Defendants engaged in improper conduct related to their construction project along with this alleged discrimination. (*See, e.g., id.* ¶ 17 (Plaintiffs "were being targeted as they were fined for violations that did not even occur on their property"); *id.* at ¶ 29 (the Zoning Board demanded multiple variances even after Plaintiffs' plans and permits had been approved); *id.* at ¶ 33 (the Board ultimately determined that the variances were not needed after months of delay).) Plaintiffs, ultimately, allege that this conduct resulted in significant lost profits due to work delays and increased material prices, as well as embarrassment, loss of reputation, and emotional distress. (*Id.* ¶ 35.) Plaintiffs proceeded to file this action.

## II.   **LEGAL STANDARD**

A district court conducts a three-part analysis when considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The court, however, may ignore legal conclusions or factually

unsupported assertions that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

### III.   DISCUSSION

Plaintiffs' Amended Complaint contains five counts: (1) discrimination under Title VIII of the Civil Rights Act of 1968; (2) discrimination under the New Jersey Law Against Discrimination ("NJLAD"); (3) tortious interference with contract; (4) tortious interference with prospective business advantage; and (5) defamation. The Court addresses each count below.

#### A.   Discrimination Under Title VIII of the Civil Rights Act of 1968 (Count I)

Title VIII of the Civil Rights Act of 1968 ("Title VIII") makes it unlawful:

> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
>
> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. § 3604. Plaintiffs allege that Defendants discriminated against them in the terms, conditions, or privileges of sale of a dwelling based on Plaintiffs' race, color, and national origin. (Am. Compl. ¶ 38.) Defendants contend that Plaintiffs fail to state a prima facie case of

3

discrimination because Plaintiffs did not identify their race, color, or national origin.[1] (Defs.' Moving Br. 4, ECF No. 10-1.)

Defendants provide no authority requiring Plaintiffs to specifically plead their race, color, or national origin. (*See generally* Defs.' Moving Br.) Title VIII, indeed, defines "person" as used in the subchapter to include "one or more individuals, corporations, partnerships, associations, labor organizations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, receivers, and fiduciaries." 42 U.S.C. § 3602(d). To start, VRP is a limited liability company and does not have a race, color, or national origin to plead. (Am. Compl. ¶ 7.) It would certainly defy reason to allow a business entity—in this case, a limited liability company—to bring an action under Title VIII yet allow that action to be dismissed because the entity could not plead race, color, or national origin.

Plaintiffs, furthermore, who are not members of a protected class have standing to bring causes of action under Title VIII "where [their] plans to develop housing for a protected class member are thwarted by an allegedly discriminatory practice." *Eastampton Ctr., L.L.C. v. Township of Eastampton*, 155 F. Supp. 2d 102, 114 (D.N.J. 2001). This is almost precisely what Plaintiffs allege here: VRP intended to develop housing for Anu Garrison, a woman of Indian descent, and Defendants discriminated against them because of it. (Am. Compl. ¶¶ 18, 35.)

The Court finds that Plaintiffs pled sufficient facts to raise a plausible claim for relief. The Motion to Dismiss as to Count I is, accordingly, denied.

---

[1] In their Reply brief, Defendants completely pivot and argue that Plaintiffs do not have standing under Title VIII. (Defs.' Reply Br., ECF No. 14.) "It is, of course, inappropriate to raise an argument for the first time in a Reply brief." *Oberwager v. McKechnie Ltd.*, 351 F. App'x 708, 711 n.5 (3d Cir. 2009); *see Jurista v. Amerinox Processing*, 492 B.R. 707, 779 (D.N.J. 2013) ("[I]t is well established that new arguments cannot be raised for the first time in reply briefs.").

### B. Discrimination Under NJLAD (Count II)

NJLAD broadly protects against housing discrimination, specifically providing that:

> All persons shall have the opportunity to . . . obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation, publicly assisted housing accommodation, and other real property without discrimination because of race, creed, color, [or] national origin . . . . This opportunity is recognized as and declared to be a civil right.

N.J.S.A. § 10:5-4. Section 10:5-12.5 of NJLAD provides a specific carve-out for claims of discrimination against municipalities and their employees: "It shall be an unlawful discrimination for a *municipality*, county, or . . . subdivision of the State of New Jersey, or an officer, *employee*, or agent thereof, to exercise the power to regulate land use or housing in a manner that discriminates on the basis of race, creed, color, [or] national origin . . . ." (emphasis added) § 10:5-12.5.

Courts in this jurisdiction have consistently recognized that claims brought pursuant to this provision are required to be brought in New Jersey state court. *Kessler Inst. for Rehab., Inc. v. Mayor and Council of Essex Fells*, 876 F. Supp. 641, 665 (D.N.J. 1995) ("[I]t is entirely plausible that the New Jersey Legislature intended to avoid federal court interference in this area . . . . This federal [D]istrict Court lacks jurisdiction over claims of discrimination in land use policy by a municipality arising under N.J.S.A. 10:5-12.5."); *Mount Holly Citizens In Action, Inc. v. Township of Mount Holly*, No. 08-2584, 2009 WL 3584894, at *8 (D.N.J. Oct. 23, 2009) ("[T]he redevelopment of a blighted neighborhood, and discrimination claims with regard to that redevelopment, were carved out of the NJLAD's general enforcement provision in N.J.S.A. 10:5-13, and the New Jersey Legislature mandated that such claims be brought in the Superior Court."); *Hansen Found., Inc. v. Atl. City*, 504 F. Supp. 3d 327, 342 (D.N.J. 2020) ("This Court has previously interpreted this provision to mean that New Jersey Superior Court has exclusive jurisdiction over claims of discrimination in land use policy by a municipality that arise under

N.J.S.A. § 10:5-12.5, and therefore federal district courts lack subject matter jurisdiction."). This Court has also clarified that diversity jurisdiction and supplemental jurisdiction under this provision is improper. *Mount Holly*, 2009 WL 3584894, at *8 (Plaintiffs argue that "NJLAD claims can, and have been, properly advanced in federal court pursuant to 28 U.S.C. § 1332 and/or 28 U.S.C. § 1367. This Court agrees with the *Kessler* court, however, which rejected plaintiffs' same argument."); *see also Kessler*, 876 F. Supp. 641 at 665.

Because Plaintiffs allege a cause of action against a municipality and its employees—namely, Bradley Beach—they are constrained to alleging a violation under N.J.S.A. § 10:5-12.5, the carve-out for these types of NJLAD claims. N.J.S.A. § 10:5-12.5(a). This Court does not have jurisdiction over the claim in Count II, and it, therefore, must be dismissed.

### C.    Tortious Interference with Contract (Count III)

Tortious interference with contract has four elements: (1) a protected interest; (2) malice—that is, defendant's intentional interference without justification; (3) a reasonable likelihood that the interference caused the loss of the prospective gain; and (4) resulting damages. *N.J. Physicians United Reciprocal Exch. v. Boynton & Boyton, Inc.*, 141 F. Supp. 3d 298, 309 (D.N.J. 2015). To state a claim for tortious interference with contract, "a plaintiff must plead facts plausibly suggesting actual interference with a contract by a defendant who is not a party to the contract." *Mariniello v. LPL Fin. LLC*, No. 14-956, 2014 WL 3844845, at *7 (D.N.J. Aug. 5, 2014). "[I]f an employee or agent is acting on behalf of his or her employer or principal, then no action for tortious interference will lie." *Id.* at *8 (quoting *DiMaria Constr., Inc. v. Interarch*, 799 A.2d 555, 568 (App. Div. 2001)). It is only when "the employee or agent is acting outside the scope of his or her employment" that an action may lie. *Id.* The Third Circuit has held that when an employee "acts for personal motives, out of malice, beyond his authority, or otherwise not in good faith in the

corporate interest," that employee acts outside the scope of his or her employment. *Varrallo v. Hammond Inc.*, 94 F.3d 842, 849 n.11 (3d Cir. 1996).

Defendants' primary argument for dismissal of Count III as to Bradley Beach related to a tort claims notice issue. In their reply brief, however, Defendants withdrew the portions of their legal argument regarding this issue. (*See* Defs.' Reply Br. 2 ("Defendants withdraw the portions of their Legal Argument" discussing "the tort claim notice and related correspondence.").) The Court, consequently, denies Defendants' Motion to Dismiss as to Count III against Bradley Beach.

The Court next moves to Defendants Michael Affuso ("Affuso") and Kenneth Triano ("Triano") (collectively, "Individual Defendants"). Defendants contend that because Individual Defendants were acting within the scope of their employment at all relevant times, a claim of tortious interference with contract against them is improper and must be dismissed. (Defs.' Moving Br. 12.) Plaintiffs counter that they should be permitted to proceed to discovery to determine if the Individual Defendants were acting within the scope of their employment or not. (Pls.' Opp'n Br. 9-10, ECF No. 13.) The Court agrees that unless Plaintiffs allege that Individual Defendants were acting outside of the scope of their employment or allege that Individual Defendants acted with "personal motives, out of malice, beyond [their] authority, or otherwise not in good faith," then Count III must be dismissed. *Mariniello*, 2014 WL 3844845, at *9 ("Plaintiff has not alleged any facts suggesting that [defendants] acted for personal motives, out of malice, beyond [their] authority, or otherwise not in good faith in the corporate interest. Thus, [defendants] cannot be held individually liable for tortious interference with contract.") (internal quotation and citation omitted).

The Court finds that Plaintiffs did not allege any facts suggesting that Individual Defendants acted outside of the course of their employment or any facts that Affuso acted for personal motives, out of malice, beyond his authority, or otherwise not in good faith in the

7

corporate interest. (*See generally* Am. Compl.) The Court does find, however, that Plaintiffs alleged sufficient facts to suggest that Triano acted for personal motives, out of malice, or beyond his authority. Plaintiffs allege that Triano came to the Subject Property to "harass, scream, and curse" at VRP's employees. (Am. Compl. ¶ 24.) Plaintiffs also allege that Triano "refused to let Ms. Garrison store boxes in the garage without any legitimate justification" (*id.* ¶ 26) and "ordered all of VRP's employees to stop working on the entire home," even though the relevant stop work order was only applicable to the porch (*Id.* ¶¶ 24-26). These allegations are sufficient to suggest that Triano acted outside of the scope of his employment. *See Greenberger v. Varus Ventures LLC*, No. 13-7920, 2014 WL 6991993, at *9 (D.N.J. Dec. 10, 2014) (finding that defendants had personal motives and acted outside the scope of their employment where they ceased any major communications, refused to provide statuses on investments, and failed to administer accounts properly). Defendants' Motion to Dismiss Count III as to Triano is denied, however, as to Affuso, it is granted.

### D.   Tortious Interference with Prospective Business Advantage (Count IV)

A plaintiff asserting a claim for tortious interference with prospective business relations (or business advantage) must show: (1) a plaintiff's reasonable expectation of economic benefit or advantage; (2) the defendant's knowledge of that expectancy; (3) the defendant's wrongful, intentional interference with that expectancy; (4) in the absence of interference, the reasonable probability that plaintiff would have received the anticipated economic benefit; and (5) damages resulting from the defendant's interference. *JNL Mgmt., LLC v. Hackensack Univ. Med. Ctr.*, No. 18-5221, 2019 WL 1951123, at *11 (D.N.J. May 2, 2019) (quoting *Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 186 (3d Cir. 1992)). Similar to a claim for tortious interference with contract, if a defendant of a tortious interference with a prospective business advantage claim is

acting within the scope of his or her employment, the claim cannot lie. *Id.*; *DiMaria Constr.*, 799 A.2d at 561.

For the reasons addressed *supra*, the Motion to Dismiss Count IV is denied as to the Borough of Bradley Beach and Triano but granted as to Affuso.

### E. Defamation (Count V)

To state a claim for defamation under New Jersey law, a plaintiff must adequately allege: (1) that the defendant made a defamatory statement of fact; (2) concerning the plaintiff; (3) which was false; (4) which was communicated to persons other than the plaintiff; and (5) fault. *Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*, 164 F.3d 186, 189 (3d Cir. 1998). While "a defamation pleading does not need to cite precise defamatory statements, it must [] provide sufficient notice to the other party of the allegations made against him." *Cristelli v. Filomena II, Inc.*, No. 99-2862, 1999 WL 1081290, at *3 (D.N.J. Dec. 1, 1999). The "pleading must allege the elements of defamation . . . to a degree of sufficient specificity." *Mangan v. Corp. Synergies Grp., Inc.*, 834 F. Supp. 2d 199, 204 (D.N.J. 2011).

The Court finds that Plaintiffs did not allege sufficient facts to overcome Defendants' Motion to Dismiss. Plaintiffs have not sufficiently alleged any false statements of fact that Defendants made concerning them. (*See generally* Am. Compl.) Plaintiffs reference statements that Defendants made during a "special meeting," however, they only allege that the Zoning Board members "hurled abuse" at them and that there were comments regarding "people" coming to the Borough of Bradley Beach. (Am. Compl. ¶ 30.) While the standard does not require pleading specific statements verbatim to overcome a motion to dismiss, each element must be pled with "a degree of sufficient specificity" to put Defendants on proper notice. *See Cristelli*, 1999 WL 1081290, at *3; *see also Mangan*, 834 F. Supp. 2d at 204. The statements that Plaintiffs allege were defamatory have not been alleged with enough specificity for the Court to determine if the

9

statements were (1) "concerning" Plaintiffs, (2) statements of fact, or (3) false. These allegations are not sufficient to demonstrate a plausible claim for relief, and dismissal is appropriate.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part. An Order consistent with this Memorandum Opinion will be entered.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**